**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mark William Kelly, | No. CV-23-00068-TUC-AMM |
| Plaintiff, | **ORDER** |
| v. | |
| Sean P Gallagher, et al., | |
| Defendants. | |

Pending before the Court are Plaintiff Mark William Kelly's Motion for Leave to Amend the Complaint (Doc. 50) and Amended Motion to Amend the Complaint (Doc. 51) (collectively "Motions to Amend"). For the reasons below, the Court will deny Plaintiff's Motions to Amend.

**I.    Background**

Plaintiff, proceeding pro se, filed a Complaint on February 7, 2023, bringing civil rights claims under 42 U.S.C. § 1983 against Pima County Sheriff Department ("PCSD") Deputies Sean P. Gallagher and Alex P. Jansen, PCSD Sergeant Edward C. Curtain, and Pima County Legal Advisor Sean Holguin. (Doc. 1.) Plaintiff's claims arose on July 29, 2021, when Defendants allegedly illegally detained him, threatened him with arrest, and forced him to leave a public sidewalk in violation of his rights under the First, Fourth, and Fourteenth Amendments. (*Id.*)

On November 13, 2023, the Court dismissed Defendants Curtain and Holguin without prejudice and dismissed the official capacity claim against Defendant Jansen.[1] (Doc. 22.) In that Order, the Court advised Plaintiff of the procedures he needed to follow if he moved for leave to amend, including Local Rule of Civil Procedure 15.1(a). (*Id.* at 9.) On December 28, 2023, the parties filed a Joint Case Management Report pursuant to Federal Rule of Civil Procedure 26(f), which stated that the parties did not expect to add parties or amend the pleadings in this matter. (Doc. 29 at 5.)

On May 30, 2024, Defendant Jansen filed a Motion for Judgment on the Pleadings seeking dismissal of the claims against him. (Doc. 43.) Plaintiff did not respond to Defendant Jansen's Motion.[2] Instead, on June 14, 2024, Plaintiff filed a Motion for Leave to Amend the Complaint and attached a proposed First Amended Complaint.[3] (Docs. 50–50-1.) Plaintiff then filed an "Amended Motion to Amend the Complaint" on June 17, 2024, seeking to amend his Motion to Amend to add a "jurisdictional statement" and to "address the issue of repeated harassment allegations made by the defendants." (Doc. 51 at 1.) Although Plaintiff allegedly seeks to add these changes, the proposed First Amended Complaint attached to the "Amended Motion to Amend the Complaint" is unchanged and is identical to the one Plaintiff previously submitted to the Court. (Docs. 50-1–51-1.)

In the proposed First Amended Complaint, Plaintiff seeks to reassert claims against Defendants Curtain and Holguin in their official and individual capacities and against Defendant Jansen in his official capacity based on "newly discovered evidence and further detailed factual allegations." (Doc. 51-1 at 5.) Plaintiff also seeks to revive claims under 42 U.S.C. § 1983 and assert new claims under 42 U.S.C. § 1985 and the Arizona

---

[1] In February 2024, Plaintiff voluntarily dismissed Defendant Gallagher who died in March 2023. (Doc. 35.)

[2] Recognizing Plaintiff's pro se status, the Court will permit Plaintiff an opportunity to respond to Defendant Jansen's Motion for Judgment on the Pleadings because Plaintiff may have mistakenly believed his Motion to Amend would constitute a response. The Court reminds Plaintiff of its June 6, 2024 Order, cautioning him that if he fails to respond, the motion may be granted under Local Rule of Civil Procedure 7.2(i). (Doc. 48 at 2.)

[3] Plaintiff did not bracket or underline the text in the proposed First Amended Complaint to indicate which text was added or deleted from the original Complaint as required under Local Rule of Civil Procure 15.1.

- 2 -

Constitution. (*Id.* at 1–3.) On July 8, 2024, Defendant Jansen filed a Response opposing Plaintiff's Motions to Amend. (Doc. 55.)

## II. Leave to Amend

A party may amend its pleading once as a matter of course, within the time limits, and thereafter only with the opposing party's written consent or the court's leave. Fed. R. Civ. P. 15(a). Under Federal Rule of Civil Procedure 15(a)(2), "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). However, a district court may exercise its discretion to deny leave to amend due to (1) "undue delay, bad faith or dilatory motive on the part of the movant," (2) "repeated failure to cure deficiencies by amendments previously allowed," (3) "undue prejudice to the opposing party," and (4) "futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962). "[I]t is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

Liberality in amendments to pleadings is particularly important for the pro se litigant. *See Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000). However, the Court cannot serve as an advocate for a pro se litigant by attempting to decipher a complaint. *See, e.g.*, *Pliler v. Ford*, 542 U.S. 225, 231 (2004). Further, "[a] district court does not err in denying leave to amend where the amendment would be futile." *Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009).

## III. Discussion

Defendant Jansen argues in his Response to Plaintiff's Motions to Amend that Plaintiff's proposed First Amended Complaint is futile and that granting leave to amend would cause undue prejudice and delay. (Doc. 55 at 2.) As discussed below, the Court agrees.

### a. The *Foman* factors weigh against granting Plaintiff leave to amend.

#### 1. Undue Delay or Bad Faith by the Moving Party

"Relevant to evaluating the delay issue is whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading."

*Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1388 (9th Cir. 1990). The Ninth Circuit has held that "an eight month delay between the time of obtaining a relevant fact and seeking a leave to amend is unreasonable." *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 953 (9th Cir. 2006) (citing *Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 799 (9th Cir. 1991)). Defendant Jansen argues that Plaintiff's failure to include allegations concerning events, which were known to Plaintiff at the time of filing the Complaint, constitutes undue delay. (Doc. 55 at 3–4.)

In the proposed First Amended Complaint, Plaintiff alleges new facts about Plaintiff's prior conduct and interactions with PCSD and PCSD's conduct in the community.[4] However, these allegations are untimely as Plaintiff had access to most of the facts at the time he filed his Complaint, and he had access to all relevant facts likely eight months or more before he requested leave to amend.[5] Moreover, when Defendants Holguin and Curtain were dismissed from the matter in November 2023, the Court advised Plaintiff of the procedures for seeking leave to amend. (Doc. 22 at 9.) Following this explicit advisal, the parties subsequently indicated in their December 2023 Joint Case Management Report that they did not intend to seek leave to amend. (Doc. 29 at 5.) Notwithstanding this avowal, Plaintiff then sought to amend his Complaint six months later asserting facts that he knew or should have known at the time the Joint Case Management Report was filed. Plaintiff fails to justify this delay.

///

///

///

---

[4] Allegations include: an email from Acacia Ridge Homeowner Association's (HOA) president stating that PCSD "directed" the HOA to add a no trespassing sign to a public trail (Doc. 51-1 at 4–5, 11); Plaintiff being placed in PCSD's Community Problems Unit (*Id.* at 5); Defendant Jansen's statement from July 29, 2021 (*Id.*); Pima Maps PC disclaimer (*Id.* at 6); incident with Deputy Tuminello on July 26, 2021 (*Id.* at 7); Defendant Jansen's call to Jesus Bojorquez on July 29, 2021 (*Id.* at 9); and Defendants' access to construction documents on July 29, 2021 (*Id.*).

[5] In the proposed First Amended Complaint, Plaintiff alleges that he was denied access to public records in May 2024. (Doc. 51-1 at 14–15.) However, Plaintiff's asserted "newly discovered" public records' evidence fails to support or advance his claims in the proposed First Amended Complaint.

- 4 -

### 2. Repeated Failure to Cure Deficiencies by Amendment

The present Motions are Plaintiff's first requests for leave to amend the Complaint. As such, Plaintiff has not repeatedly failed to cure deficiencies by amendment, which weighs in favor of granting Plaintiff's Motions. However, as discussed below, this factor does not outweigh the Court's findings as to the other factors.

### 3. Undue Prejudice to the Opposing Party

Prejudice to the opposing party is the "touchstone" of the Court's inquiry under Rule 15(a). *Eminence Cap., LLC*, 316 F.3d at 1052. Prejudice has been found where the new claims set forth in the amended complaint would have "greatly altered the nature of the litigation and would have required defendants to have undertaken, at a late hour, an entirely new course of defense." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990).

Here, the parties are in the late stages of discovery.[6] Defendant Jansen has been diligently litigating this matter for almost two years, and Plaintiff's Motions attempt to effectively restart the process by reintroducing previously dismissed parties and asserting novel claims. Plaintiff seeks to add new claims that advance different legal theories and require proof of different facts. *See Jackson*, 902 F.2d at 1387–88 (affirming the district court's finding that appellees would be unduly prejudiced if complaint was allowed to be amended to allege drastically new claims).

Granting Plaintiff's Motions would unfairly impose potentially high, additional litigation costs on Defendant, possibly nullify prior discovery, and require the proposed Defendants to relitigate claims previously dismissed. The Court therefore finds that allowing amendment would result in undue prejudice to the opposing parties.

### 4. Futility of Amendment

When a proposed amendment would be futile, "there is no need to prolong the litigation by permitting further amendment." *Chaset v. Fleer/Skybox Int'l, LP*, 300 F.3d 1083, 1088 (9th Cir. 2002). "An amendment is futile when no set of facts can be proved

---

[6] The parties are currently in discovery; the deadline for discovery is December 13, 2024, and the deadline to file a dispositive motion is January 10, 2025. (Doc. 29 at 8.)

- 5 -

under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Missouri ex rel. Koster v. Harris*, 847 F.3d 646, 656 (9th Cir. 2017) (internal quotation marks omitted). Defendant Jansen argues that Plaintiff's federal constitutional claims against him and proposed Defendants Curtain and Holguin in their individual and official capacities are futile (Doc. 55 at 4–10), that Plaintiff's § 1985 conspiracy claim is futile (*Id.* at 10–12), and that Plaintiff's claims under the Arizona Constitution are time barred (*Id.* at 12–13).

The Court previously outlined what Plaintiff must allege to successfully state a claim under 42 U.S.C. § 1983 against Defendants in their individual or official capacity. (*See* Doc. 22.) Nevertheless, Plaintiff again fails to assert sufficient allegations to support a § 1983 claim in his proposed First Amended Complaint. After sifting through Plaintiff's allegations against nonparties, disassociated allegations wholly unconnected to his claims, and allegations asserting mere legal conclusions, the Court fails to see how Plaintiff can amend the Complaint to state a valid claim.[7] Likewise, the Court does not find that Plaintiff can successfully present a valid claim for conspiracy under 42 U.S.C. § 1985 or a violation of due process under article 2, section 4 of the Arizona Constitution.

Because Plaintiff's proposed First Amended Complaint fails to allege facts sufficient to state a claim under § 1983, § 1985, or the Arizona Constitution, Plaintiff's claims are futile. *See DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 188 (9th Cir. 1987) ("[F]utile amendments should not be permitted.") (internal quotation marks and citation omitted). Taken together, the *Foman* factors weigh against granting Plaintiff leave to amend his Complaint.

///

---

[7] As Defendant Jansen argued, Plaintiff's proposed First Amended Complaint is "voluminous" containing eighteen pages of allegations, which are largely "conclusory," and 200 pages of exhibits. (Doc. 55 at 3.) Many of Plaintiff's allegations do not meet the particularity requirement under Federal Rule of Civil Procedure 8. (*See, e.g.*, Doc. 51-1 at 11.) Further, Plaintiff alleges that the proposed Defendants' conduct was "potentially criminal" in violation of 18 U.S.C. § 241. (*Id.* at 3.) However, Plaintiff, as a private party, cannot bring a civil lawsuit alleging violations of federal criminal statutes. *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (explaining that criminal provisions of Title 18 of the U.S. Code "provide no basis for civil liability" because they are prosecuted by the government in the name of the United States).

**b. Plaintiff did not follow Local Rule of Civil Procedure 15.1.**

Local Rule of Civil Procedure 15.1(a) requires that when a party moves for leave to amend a pleading the party attaches a proposed amended complaint that indicates how it differs from the pleading which it amends "by bracketing or striking through the text to be deleted and underlining the text to be added." LRCiv 15.1(a). Failure to follow the local rules may result in denial of the motion. *See Tri-Valley CARES v. U.S. Dep't of Energy*, 671 F.3d 1113, 1131 (9th Cir. 2012) ("Denial of a motion as the result of a failure to comply with local rules is well within a district court's discretion.").

Even if the *Foman* factors did not weigh against granting Plaintiff leave to amend, Plaintiff's proposed First Amended Complaint also fails to adhere to the Local Rules. Plaintiff did not indicate how the First Amended Complaint differs from his original Complaint by bracketing or striking through the text to be deleted and underlining the text to be added as required by Local Rule of Civil Procedure 15.1(a). This failure alone is sufficient grounds to deny Plaintiff's Motions.

**IV. Conclusion**

Because leave to amend is properly denied when amendment would be futile, causes undue delay, and results in prejudice to the defendants, the Court will deny Plaintiff's Motions to Amend.

**IT IS ORDERED** that Plaintiff's Motion for Leave to Amend the Complaint and Amended Motion to Amend the Complaint are **DENIED**. (Docs. 50–51.)

**IT IS FURTHER ORDERED** that Plaintiff shall have up to and including **December 10, 2024**, in which to file a Response to Defendant Jansen's Motion for Judgment on the Pleadings. Defendant Jansen may file a Reply no later than **December 17, 2024**. **Plaintiff is cautioned that failure to respond may result in a granting of that Motion pursuant to LRCiv 7.2(i).**

Dated this 26th day of November, 2024.

_____
Honorable Angela M. Martinez
United States District Judge